IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

NATHANIEL GRIGGS, JR.,

    Plaintiff,

v.                                                                                          No. 11-CV-456 LH/LAM

UNITED RENTALS NORTHWEST, INC.,
Individually and d/b/a UNITED RENTALS,
and UNITED RENTALS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte*, following its review of the Notice of Removal, (Doc. 1), filed by Defendant United Rentals Northwest, Inc. ("Defendant"). Plaintiff filed his Complaint on March 31, 2011, in the Third Judicial District Court, County of Dona Ana, State of New Mexico. Thereafter, on May 31, 2011, Defendant filed its Notice of Removal with this Court. Having reviewed both the Complaint and the Notice of Removal, the Court concludes that the allegations are insufficient to establish either diversity jurisdiction or federal question jurisdiction. The case should therefore be remanded to the Third Judicial District Court.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). The court has a duty to determine the matter *sua sponte*. *Id.* Furthermore, a court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v.*

*Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction.  *Id.*

Significantly, the federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Indeed, the Tenth Circuit has cautioned federal district courts that they "must rigorously enforce Congress' intent to restrict federal jurisdiction."  *Miera v. Dairyland Insur. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  Federal district courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

**A.  Diversity Jurisdiction**

First, Defendant alleges that Plaintiff is a citizen of New Mexico, that Defendant is incorporated in Oregon and maintains its principal place of business in Connecticut, and that the amount in controversy exceeds $75,000.  (Doc. 1, at 2.)  As such, Defendant maintains that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.*)

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States."  U.S. Const. art. III, § 2.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States."  28 U.S.C. § 1332(a).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." § 1441(b).

The amount in controversy is generally determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) the plaintiff's cause of action as alleged in the complaint, (2) the notice of removal that the defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation). However, "[i]t would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation). Courts may therefore consider "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306.

Ultimately, the burden is on the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873. Once again, there is a presumption against removal jurisdiction, and uncertainties as to jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Punitive damages and attorney's fees may be considered in determining the amount in controversy, *see Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003); costs and interest, however, are excluded,

*see* 28 U.S.C. § 1332(a).

In this case, Plaintiff brings suit against Defendant for race discrimination and disability discrimination under the New Mexico Human Rights Act and for breach of contract. (Doc. 1, Ex. 2, at 2-3.) Plaintiff claims that he was terminated by Defendant due to his race and physical handicap of diabetes and partial blindness. (*Id*. at 2.) According to his Complaint, Plaintiff seeks, in addition to costs and interest, damages for lost wages and benefits, lost employment opportunities, loss of earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses, and consequential damages. (*Id.*) Additionally, he seeks reasonable attorney's fees, expert fees, and interest. (*Id*. at 4-5.) Although Plaintiff does not allege a specific amount of damages, he alleges that "[e]xlusive of costs and interest, Plaintiff's total damages do not exceed $70,000." (*Id*. at 4.) It is therefore not clear from the face of the Complaint that the amount in controversy exceeds $75,000. In fact, the language of the Complaint suggests otherwise. As a result, the Court must turn to the Notice of Removal.

In the notice, Defendant fails to provide additional detail as to Plaintiff's alleged damages. Rather, Defendant merely notes the various categories of damages demanded by Plaintiff, (Doc. 1, at 3-4), providing no factual predicate for its assertion that the amount in controversy exceeds $75,000. For instance, Defendant provides no information regarding Plaintiff's lost wages or benefits. Indeed, Defendant fails to provide even a single figure upon which the Court may evaluate the amount in controversy. Instead, Defendant suggests that if you add attorneys fees to the $70,000 figure to which Plaintiff purports to limit his damages, the amount in controversy is met. Significantly, though, Plaintiff does not say that his damages approach $70,000 or that attorneys fees have been excluded from this upper limit on "total

damages." Rather, Plaintiff simply states that his "total damages *do not exceed* $70,000." (Doc. 1, Ex. 2, at 4) (emphasis added).

Defendant argues in his notice that Plaintiff's attempted limit of $70,000 is ineffectual, as New Mexico rules prohibit a plaintiff from specifying an amount of damages in his complaint. Indeed, New Mexico Rule of Civil Procedure 1-008(A)(3) provides that "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount." *Id.* To be sure, a plaintiff's estimation of damages in his complaint, especially when it contravenes state procedural law, does not settle the matter. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412-13 (5th Cir. 1995) (determining that, although the plaintiffs' state court petition averred that they were not seeking recovery in excess of the amount in controversy requirement, defendants were nevertheless able to establish that it was facially apparent that the minimum amount in controversy was exceeded); *In re Shell Oil Co.*, 970 F.2d 355, 355-57 (7th Cir. 1992) (reasoning that "the factual allegations of the complaint, and not empty words setting an illusory cap on damages, inform the jurisdictional inquiry").

Here, however, even if the Court were to wholly disregard Plaintiff's assertion in his Complaint that his "total damages" do not exceed $70,000, Defendants have failed to meet their burden of establishing by a preponderance of the evidence,[1] at minimum, that the amount in

---

[1] There is a circuit split as to the burden of proof that a movant must meet when a plaintiff specifically pleads less than the requisite amount in controversy in his complaint. *See Eatinger v. BP Amer. Prod. Co.*, 524 F. Supp. 2d 1342 (D. Kan. 2007); *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co.*, 198 F. Supp. 2d 1280, 1284 n.15 (D. Kan. 2006) (noting that the Tenth Circuit has not decided such a case). Typically, when a plaintiff's damages are unspecified in a complaint, the defendant must establish the jurisdictional amount by a preponderance of the evidence. In contrast, when, as here, the plaintiff specifically pleads less than the requisite amount in controversy, some circuits have required defendants to prove with "legal certainty" that the amount in controversy meets the jurisdictional requirements. *See Crenshaw v. Great Cent. Ins. Co.*, 482 F.2d 1255, 1257-58 (8th Cir. 1973); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Other courts have opted for a "substantial likelihood" or "reasonable probability" burden in the same context. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010); *Coca-Cola Bottling of Emporia, Inc.*, 198 F. Supp. 2d at 1284. Because Defendants fail to meet the most lenient

controversy exceeds $75,000. Defendant has failed "to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quoting *Gause v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Yet a removing defendant must set forth not only his good faith belief as to the amount in controversy but also the facts underlying that belief. *See id.* Defendant's conclusory assertions do not establish that the jurisdictional amount is met. Likewise, absent any information as to Plaintiff's lost wages or other damages, the Court is unable to make any reasonable inferences that his damages give rise to a claim in excess of $75,000. Simply put, the Court is not satisfied, based on the record before it, that Plaintiff seeks more than $75,000 in damages and attorneys fees.

Because Defendant's removal appears to be based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence, and given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that it does not have diversity jurisdiction over Plaintiff's claims.

### B. Federal Question Jurisdiction

Second, Defendant alleges alternatively that this Court has jurisdiction under 28 U.S.C. § 1441(a), because Plaintiff's Complaint raises a federal question. Defendant argues that, although Plaintiff claims his lawsuit falls under the New Mexico Human Rights Act, he has failed to exhaust his state administrative remedies and must therefore rely on federal law – particularly,

---

burden – the preponderance of the evidence standard – they likewise fail to meet the heavier burdens, such as the "legal certainty" or "reasonable probability" standards. Therefore, it is unnecessary for this Court to resolve which burden of proof is most appropriate when a plaintiff pleads less than the requisite amount in controversy in his complaint. Applying the preponderance of the evidence standard, Defendant fails to establish the requisite amount in controversy.

Title VII and the Americans with Disabilities Act ("ADA") – to support his claims. Having reviewed Plaintiff's Complaint, this Court concludes that Plaintiff's causes of action are limited to those under state law. Plaintiff makes no mention of either Title VII or the ADA and explicitly alleges that Defendant's acts of discrimination were in violation of the New Mexico Human Rights Act. To support removal, a federal question must exist on the face of the complaint. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Consequently, the Court lacks federal question jurisdiction over Plaintiff's claims.

### C. Conclusion

For all of these reasons, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims, and that the matter must therefore be remanded to state court.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Third Judicial District Court for the State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE